IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-HC-2114-FL

| | | |
|---|---|---|
| DWAYNE MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN TYRANE L. MORGAN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion for summary judgment (DE # 13) of respondent Tyrane L. Morgan. The issues raised in this motion are ripe for adjudication. For the following reasons, the court denies in part and grants in part respondent's motion for summary judgment.

## STATEMENT OF THE CASE

On August 1, 2008, petitioner filed this action pursuant to 28 U.S.C. § 2241, challenging the calculation of his good time credits. Petitioner, a D.C. Code offender incarcerated at the Federal Correction Institution in Butner, North Carolina ("Butner"), alleges that the Federal Bureau of Prisons ("BOP") is refusing to award him educational and meritorious good time credits toward the minimum nonmandatory portion of his term of imprisonment. Petitioner alleges that he is entitled to one hundred eighty (180) days of meritorious good time credit.

On September 30, 2008, respondent filed a motion to dismiss arguing that petitioner's claim is without merit. On July 22, 2009, this court filed an order denying respondent's motion to dismiss and allowing respondent sixty (60) days to file a motion for summary judgment addressing the merits

of the petition. On September 18, 2009, respondent filed a motion for extension of time to file the motion for summary judgment. The motion for extension of time was granted on September 21, 2009, and respondent filed the motion for summary judgment on September 23, 2009.[1] Respondent does not contest that petitioner is entitled to meritorious, institutional, and education good time credit that he has earned; however, respondent claims that petitioner is not entitled to have the credit applied in the manner described in his petition. Petitioner responded on October 19, 2009.

## STATEMENT OF THE FACTS

On January 5, 1993, in the Superior Court of the District of Columbia, petitioner was convicted of and sentenced for: (1) armed robbery; (2) assault with a dangerous weapon; (3) assault with intent to kill while armed; (4) mayhem while armed; (5) possession of a firearm during a crime of violence or dangerous offense; and (6) carrying a pistol without a license. He was sentenced to an aggregate term of twenty-two (22) to sixty-six (66) years of imprisonment. The imposed minimum term included a fifteen (15) year mandatory minimum term of imprisonment. (Johnson Decl. ¶ 4 & Attach. 1; Hazelton Decl. ¶ 5 & Attach. 1.)

Petitioner's sentence commenced on January 5, 1993, the date it was imposed. (Hazelton Decl. ¶ 7.) Petitioner's parole eligibility date was calculated as October 12, 2011.[2] (Id. ¶ 13.) As

---

[1] In his motion for summary judgment, respondent incorporates by reference the previously filed memorandum and exhibits – including the declaration of BOP Correctional Programs Specialist James E. Hazelton – in support of his motion to dismiss, filed on September 30, 2008. Respondent also attached the declaration of J.R. Johnson, another BOP Correctional Programs Specialist, to its memorandum in support of its motion for summary judgment.

[2] According to the BOP, petitioner's minimum term of twenty-two (22) years is used to establish his period of parole ineligibility. (Hazelton Decl. ¶ 10.) Mandatory minimum terms are only adjusted by the application of prior custody credit whereas petitioner's non-mandatory minimum term can be adjusted by institutional good time credit. (Id. ¶ 9.) Although D.C. Code offenders generally may earn educational good time credits off of their non-mandatory minimum terms, because his convictions involved firearms, petitioner is excluded from having educational good time credits applied to his non-mandatory minimum term. (Johnston Decl. ¶ 6.) In order to establish petitioner's parole eligibility date, the BOP subtracted eight hundred forty (840) days of institutional good-time credit from petitioner's seven year non-mandatory minimum portion of his sentence and three hundred forty (340) days of custody credit from

2

part of this calculation, petitioner received three hundred forty (340) days of prior custody credit for his time spent in custody from the date of his initial arrest on August 5, 1991, until his release on bond on October 9, 1991, and for time spent in custody from his conviction on April 6, 1992, until the day before his federal sentence commenced on January 4, 1993. (Id. ¶ 7.)

The BOP also calculated petitioner's mandatory parole date. As of September 25, 2008, petitioner received seventy-five (75) days of educational good time credits. (Hazelton Decl. ¶ 11.). Petitioner also earned forty-nine (49) days of meritorious good time credit for the time period of May 30, 2002, through August 5, 2003.[3] (Id. ¶ 12.) Petitioner's maximum term of imprisonment also was reduced by 7,920 days of institutional good time credit. As a result, petitioner's mandatory parole date, after applying his prior custody credit, institutional good time credit, meritorious good time credit, and educational good time credit, is January 21, 2036. (Johnson Decl. ¶ 15.)

## DISCUSSION

### A. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the

---

his total minimum term. (Hazelton Decl. ¶ 10.) Petitioner's non-mandatory term of imprisonment was calculated by subtracting petitioner's fifteen (15) year mandatory term of imprisonment from his twenty-two (22) year minimum term of imprisonment.

[3] In responses to petitioner's administrative remedy requests, the BOP stated that petitioner had earned one hundred eighty (180) days of meritorious good time credit; however, the BOP now contends it erred in this calculation. (Johnson Decl. ¶ 8.) Respondent asserts that petitioner's earning of meritorious good time credit ended upon his transfer to Federal Correctional Institution in Gilmer, Virginia, on August 5, 2003. (Id. ¶ 7.)

3

nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Petitioner objects to the calculation of his sentence by the BOP. The nature of this challenge requires to court to first outline the complex and highly technical system governing the incarceration of D.C. Code offenders in federal prisons. All felons sentenced pursuant to the D.C. Code are housed in correctional facilities operated or contracted for by the BOP. D.C. Code § 24-101(b). These individuals are "subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed," and the BOP is "responsible for the[ir] custody, care, subsistence, education, treatment and training[.]" Id. As such, the BOP purports to calculate and administer a D.C. Code offenders' sentence consistent with both federal law and the D.C. Code.

From April 11, 1987, through June 22, 1994, the calculation of good time credits for D.C. Code offenders was governed by the District of Columbia Good Time Credits Act of 1986 ("Good Time Credits Act"), formerly codified at D.C. Code § 24-428 et seq.[4] In 1994, the Good Time Credits Act was replaced by the Omnibus Criminal Justice Reform Amendment Act of 1994 ("Justice Reform Act"), D.C. Law 101-151, codified at D.C. Code § 24-221.01 et seq. Based on

---

[4] The Good Time Credits Act originally applied only to inmates housed in facilities run by the District of Columbia Department of Corrections ("DCDOC"). See Moss v. Clark, 886 F.2d 686, 688 (4th Cir. 1989). In 1991, the Good Time Credits Act was amended to include D.C. Code offenders housed in non-DCDOC facilities, made retroactive to April 11, 1987. See District of Columbia Good Time Credits Amendment Act of 1991, D.C.Law 9-24; Miller v. Clark, 958 F.2d 368, 1992 WL 48031 (4th Cir. 1992) (unpublished table opinion),

4

the date of his offenses, and pursuant to BOP Policy, see BOP Program Statement 5880.33, <u>District of Columbia Sentence Computation Manual</u>, petitioner's good time credits are governed by the Good Time Credits Act. The court therefore turns to respondent and the BOP's application of the Good Time Credits Act to petitioner.

Petitioner first argues that the BOP erred in calculating his parole eligibility date, which petitioner contends falls on January 30, 2011 (some nine months before the BOP's calculated date of October 12, 2011). Petitioner claims that the seven (7) year non-mandatory minimum period should have been reduced by eight hundred forty (840) days of institutional good time credit, three hundred forty (340) days of prior custody credit, and an additional seventy-five (75) days of educational good time credit. The BOP applied the prior custody credit to petitioner's mandatory minimum term of imprisonment, and both the institutional good time credit and prior custody credit to petitioner's non-mandatory minimum term of imprisonment, but did not apply the educational good time credit or meritorious good time credit to either minimum term.

Petitioner first contests the failure of the BOP to apply educational good time credit to his minimum sentence. Under the Good Time Credits Act, no institutional or educational good time credit is to be applied to the minimum terms of an individual sentenced under certain firearms provisions of the D.C. Code. See D.C. Code 24-434 (now codified at D.C. Code § 24-221.06); see also BOP Program Statement 5880.33, <u>District of Columbia Sentence Computation Manual</u> §§ 16.18-16.20; BOP Program Statement 5884.02, <u>Educational Good Time Sentence Credit for D.C. Code Offenders</u> § 9.b. Because petitioner was convicted of such an offense, it was not error to withhold application of educational good time credit to the minimum terms.

Petitioner next points to the response to his administrative remedy as support for his claim

5

that his parole eligibility date is January 30, 2011. Although the response does give this date as the date of petitioner's parole eligibility, the BOP acknowledged that this calculation was incorrect, and that it was corrected following an audit of petitioner's sentence calculation in September 2008. The BOP is vested with the authority by the Attorney General to calculate a federal prisoner's period of incarceration of the sentence imposed. See United States v. Wilson, 503 U.S. 329, 334-35 (1992). Implicit in this authority is the ability to calculate, and re-calculate, the sentence as changes occur and time is earned and lost, and to correct any inaccurate calculations as they are discovered. This is especially the case where, as here, petitioner has suffered no prejudice as a result of the initial sentence miscalculation.

Petitioner next argues that he is entitled to one hundred eighty (180) days of meritorious good time credit. It is uncontested that petitioner has earned meritorious good time credit, but respondent states that petitioner has earned forty-nine (49) days of meritorious good time credit instead of one hundred and eighty (180) days, as petitioner contends. Respondent acknowledges that petitioner's original sentence calculation stated that petitioner had earned one hundred eighty (180) days of meritorious credit, but claims that this calculation was an error by the BOP. Respondent states that petitioner earned forty-nine (49) days of meritorious good time credit while he was incarcerated at United States Penitentiary Lee ("Lee"), and that the earning of meritorious good time should have been terminated upon his transfer from Lee to Federal Correctional Institution Gilmer ("Gilmer") on August 5, 2003. (Johnson Decl. ¶ 7.) BOP records indicate that petitioner was not recommended for any meritorious good time after his transfer to Gilmer and that his earning of meritorious good time should have been terminated upon his arrival at Gilmer because it was not a camp, farm, or community corrections center. (Id. ¶¶ 9, 10 & Attach. 6.)

6

Case 5:08-hc-02114-FL   Document 17   Filed 08/16/10   Page 6 of 8

Petitioner also contends that the meritorious good time credit that he has earned should be applied to both his non-mandatory minimum term (his parole eligibility date) as well as to his maximum term of imprisonment (mandatory parole date). Respondent admits to having applied meritorious good time to the maximum term only. Although the D.C. Code provides that "[m]eritorious good time credits . . . shall be applied to the persons's minimum term of imprisonment to determine the date of eligibility for reason on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory," D.C. Code § 24-221.01a, respondent states that the BOP applies meritorious good time pursuant to 18 U.S.C. § 4162, which purportedly dictates that an inmate may earn meritorious good time credits off of the maximum term of imprisonment only.

The BOP's arguments for awarding good time credit only to the maximum term of imprisonment are flawed. The statute under which they purport to have this authority, 18 U.S.C. § 4162, was repealed effective November 1, 1987 by the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3624. Pursuant to the new law, § 4162 remained in effect between November 1, 1987, and November 1, 1992, but only for prisoners who committed offenses prior to the repeal date. See Moss, 886 F.2d at 689 n.3. Defendant did not commit his offense prior to November 1, 1987, so § 4162 by its terms does not apply to him. Moreover, even assuming that § 4162 applied, there is nothing in that provision explicitly stating that a prisoner may earn meritorious good time credits off of the maximum term of imprisonment only. Respondent has failed to locate this policy for the court; and the affidavits submitted with its memoranda are insufficient to make it so.

Based on these deficiencies, the court can not enter summary judgment for respondent. Nor, however, is the court prepared to grant the petition where the questions raised by the court above

7

remain unanswered. It appears to the court that there is more than one type of "meritorious good time credit" in the federal and D.C. systems, and that petitioner's good time credits may have been improperly awarded based on inapplicable statutes. Accordingly, the court will deny summary judgment in part, without prejudice, as to this claim. Respondent is allowed twenty-one (21) days to file a second motion for summary judgment on the limited issue of the award of meritorious good time credits, and is directed to explicitly reference and provide quotations and citations to the specific policies governing the calculation and application of such credits. Failure to brief this issue may be considered an admission of error in the calculation of meritorious good time credits. Petitioner shall thereafter have fourteen (14) days to respond.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 13) is GRANTED IN PART and DENIED IN PART. The motion is DENIED without prejudice with respect to petitioner's claim that he is entitled to have his meritorious good time credit applied to both his minimum and maximum terms of imprisonment. Respondent shall have twenty-one (21) days to file a second summary judgment motion as to this issue; and petitioner shall then have fourteen (14) days thereafter to respond. Respondent's motion is GRANTED in all other respects.

SO ORDERED, this the 10 day of August, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge